UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUIDIA JOHNSON,
                      Plaintiff,

-vs.                                     **DEMAND FOR JURY TRIAL**

STELLAR RECOVERY, INC.,
                      Defendants.
_____/

## COMPLAINT & JURY DEMAND

Plaintiff, Marquidia Johnson through counsel, Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Marquidia Johnson is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Stellar Recovery, Inc. (hereinafter ("Defendant")) is a Montana corporation with minimum contacts in Michigan and is a "debt collector" as defined by 15 U.S.C. §1692a(6). Defendant may be served by serving Bob B Peterson, 1327 Highway 2 West, Suite 100, Kalispell, MT 59901.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Wayne County.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. That Defendant was attempting to collect a $1,203.77 debt from a T-Mobile account which was discharged in bankruptcy.

9. That Plaintiff Marquidia Johnson filed a Chapter 7 Bankruptcy on March 1, 2012 and properly listed T-Mobile as a creditor on both Schedule F and the Matrix in her bankruptcy filing.

10. That Plaintiff Marquidia Johnson received a Chapter 7 Bankruptcy discharge on June 12, 2012.

11. That Plaintiff Marquidia Johnson was contacted after she received her bankruptcy discharge by Defendant through a collection letter dated September 14, 2012.

12. That Defendant failed to provide a 30 day notice in its September 14, 2012 letter, which is a violation of 15 U.S.C. §1692g(a)(5).

13. That Plaintiff Marquidia Johnson was again contacted by Defendant through a second collection letter dated December 4, 2012.

14. That Plaintiff Marquidia Johnson was contacted on her private cell phone numerous times by Defendant in violation of the TCPA.

15. That Defendant's representative by the name of Justin at extension 258 told Plaintiff Marquidia Johnson that he could lower her payment on a debt which she did not owe.

16. That Defendant's second representative by the name of Christopher at 1-877-290-3779 called and told Plaintiff Marquidia Johnson that he was calling to also collect on a debt which she did not owe.

17. That Plaintiff Marquidia Johnson has had an exacerbation of her health problems including sleepless nights, headaches, and panic attacks due to the illegal actions of the Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT.

18. Plaintiff incorporates the preceding allegations by reference.

19. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiffs are "consumers" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this debt violated 15 U.S.C. §1692 et seq.

23. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE.

24. Plaintiff incorporates the preceding allegations by reference.

25. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. §339.901(b).

26. Plaintiff is a "debtor" as that term is defined in M.C.L. §339.901(f).

27. Defendant's foregoing acts in attempting to collect this debt violated M.C.L. §339.915.

28. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

29. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT.

30. Plaintiff incorporates the preceding allegations by reference.

31. Defendant is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. §445.251.

32. Plaintiff is a "consumer" as that term is defined at M.C.L. §445.251.

33. Defendant's foregoing acts in attempting to collect this debt violated M.C.L. §445.252.

34. Plaintiff has suffered damages as a result of these violations of the MCPA..

4

35.  These violations of the MCPA were willful.

## COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

36.  Plaintiff incorporates the preceding allegations by reference.

37.  At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with the Plaintiffs as that term is defined at 47 U.S.C. §227(a)(1).

38.  At no time has the Defendant ever had an "established business relationship" with the Plaintiff as that term is defined at 47 U.S.C. §227(a)(2).

39.  Plaintiff is a "consumer" for purposes of the TCPA and the debt at issue is a consumer debt.

40.  In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC §227(b)(1)(iii).

41.  These violations of this statute were all willful.

42.  The Plaintiff has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. §227(b)(3).

## COUNT V – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION.

43.  Plaintiff incorporates the preceding allegations by reference.

44.  The restatement of Torts, Second, §652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

5

45. Michigan further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

46. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with an excessive amount of calls to her cell phone.

47. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff" and, "a substantial burden to their existence" thus satisfying the Restatement of Torts, Second, §652(b) requirement for an invasion of privacy.

48. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

50. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff is entitled to punitive damages.

## COUNT VI - INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS.

51. Plaintiff incorporates the preceding allegations by reference.

52. The acts, practices and conduct engaged in by the Defendant vis-a-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

53. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

54. All acts of Defendant were committed with malice, intent, wantonness, recklessness, and negligence, and as such, Defendant is subject to imposition of punitive damages.

55. Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiffs.

56. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1113
Detroit, Michigan 48226
313-965-2265
sathomasplccmecf@aol.com

September 9, 2013

7