UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Marquidia Johnson,

    Plaintiff,

v.                                          Case No. 13-13829

Stellar Recovery, Inc., *et al.*,        Sean F. Cox
                                                   United States District Court Judge

    Defendants.
_____/

## ORDER

On January 15, 2015, Judgment was entered in this matter as to Plaintiff's claims against Defendant Stellar Recovery, Inc. ("Stellar"), providing that "a final judgment in favor of Plaintiff and against Stellar Recovery, Inc. be entered in the amount of $10,500.00, plus the agreed upon attorneys's fees and costs. Stellar Recovery, Inc. shall pay this amount to Plaintiff's counsel by or before January 15, 2015." (Docket Entry No. 55).

*Six days later*, on January 21, 2015, Plaintiff filed a "Motion And Brief For Entry Of An Order To Show Cause For Contempt Against Defendant Stellar Recovery, Inc." (Docket Entry No. 56). In that motion, Plaintiff stated that she had not yet received the agreed upon payment ($10,500.00 plus the agreed upon attorneys' fees and costs) from Defendant Stellar. The motion asks this Court for the following relief:

> WHEREFORE, Plaintiff now moves this Court to enter an Order To Show Cause, requiring a personal appearance before the Court by the corporate officer of Defendant Stellar Recovery, Inc., Mr. Garrett A. Schanck, Treasurer and CEO, within seven (7) days:
>
> 1. Why Defendant Stellar Recovery, Inc. should not be held in civil contempt for

1

failing to pay the agreed final Judgment amounts as Ordered by the Court on December 23, 2014, and January 15, 2015;

2. Why Defendant Stellar Recovery, Inc. should not be found to have violated the terms of these Orders and thereby be sanctioned $500 per day for each such day of said violation and continuing violation, payable to Plaintiff and her counsel;

3. Why Defendant Stellar Recovery, Inc. should not be ordered to pay Plaintiff's counsels $2,500 as and for reasonable attorneys' fees incurred in the necessity of filing this Motion, and for such additional sums of attorneys' fees are incurred going forward in this matter pursuant to 15 U.S.C. § 1692k and the Court's inherent authority;

4. Why a sum-certain money judgment in all of the above amounts should not be immediately entered in a specific total amount, without the necessity of a sealing Order, against Defendant Stellar Recovery, Inc., reflecting the actual amount of attorneys' fees and costs agreed to between the parties and Ordered by this Court on December 23, 2014;

5. Why an Order should not issue from this Court to the United States Marshalls Service ordering them to seize any and all money or property within the judicial district where Defendant Stellar Recovery, Inc. or its property may be found sufficient to satisfy the full amounts ordered by the January 15, 2015, Order, and such other amounts as otherwise ordered by the Court;

6. Why the Court should not grant such other and further relief to Plaintiff, and against Defendant Stellar Recovery, Inc. and/or its officers, as justice so requires.

(Docket Entry No. 56 at 9-10).

Defendant Stellar responded to the motion on February 3, 2015, stating that while there has been a short delay in getting the agreed upon payment to Plaintiff, Stellar is not reneging on the settlement and that it intends to make the payment soon. (Docket Entry No. 58).

On February 4, 2015, Plaintiff's Counsel filed a Reply Brief wherein they state that, in addition to the relief they previously requested, they would like this Court to "investigate and make findings on" additional matters concerning the reasons why one of Defendant Stellar's

2

attorneys did not personally attend a prior settlement conference. (Docket Entry No. 59).

On February 23, 2015, Counsel for Stellar filed an Affidavit stating that the payment was received by Plaintiff's Counsel on or about February 23, 2015.

Nevertheless, Plaintiff's Counsel have continued to contact this Court's Docket Manager to request a hearing on their motion. Thus, Plaintiff's Counsel apparently do not intend on withdrawing their motion even after having received payment.

The Court ordered Plaintiff's Counsel to confirm or deny that Plaintiff has now received payment for the $10,500.00, plus the agreed upon attorney's fees. (Docket Entry No. 64). Plaintiff's Counsel submitted an affidavit so confirming on February 27, 2015. (Docket Entry No. 65).

The Court declines to hear oral argument on the pending motion because, quite frankly, the motion is not worthy of a hearing. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

Having reviewed Plaintiff's motion, the Court hereby **DENIES THE MOTION IN ITS ENTIRETY.** The Court declines to issue the requested order to show cause because the payment at issue has been made. The Court finds no basis to hold Defendant Stellar, or any of its Counsel, in contempt.

Although the only relief specifically requested in Plaintiff's motion is for this Court to issue an order to show cause (i.e., the motion did not expressly ask for an award of sanctions or attorney's fees), the filings by Plaintiff's Counsel appear to reflect that they want this Court to award Plaintiff and/or her counsel sanctions of $15,000.00, and additional attorney's fees of $2,500.00, for an approximately 30-day delay in Defendant Stellar having made the payment of

$10,500.00, plus the agreed upon attorney's fees that was awarded in the Judgment. This Court declines to award Plaintiff or her counsel any attorney fees because this Court concludes that any fees incurred in connection with the pending motion were not reasonably incurred. The Court also denies Plaintiff's Counsel's request that this Court "investigate and make findings on" additional matters, such as why one of Defendant Stellar's did not attend a prior settlement conference in this case in person.

**IT IS SO ORDERED.**

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: March 2, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy<br>
Case Manager